Paul PATCHICK, Appellant,

v.

KENSINGTON PUBLISHING CORPORATION, a New York corporation, et al., Appellees.

No. 84-1992.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 1984.

Decided Sept. 24, 1984.

Christopher Engh, Kroloff, Belcher, Smart, Perry & Christopherson, Stockton, Cal., for appellant.

Michael Weisberg, Oakland, Cal., Edward Sussman, James Schwartz, Goldschmidt, Fredericks & Oshatz, New York City, for appellees.

Before WRIGHT, NORRIS and REINHARDT, Circuit Judges.

PER CURIAM:

On June 27, 1983, Appellant Paul Patchick filed this diversity action for breach of contract against five named defendants: Kensington Publishing Corporation (Kensington); Zebra Books, Inc. (Zebra); Richard Curtis, Richard Curtis Literary Agency, and Richard Curtis Associates, Inc. (Curtis defendants); and other unnamed defendants. Patchick alleged that defendants failed to publish and promote his book, "Eruption." Patchick filed an amended complaint on October 6, 1983, naming the same defendants.

In November 1983 defendants Kensington and Zebra filed a motion to dismiss the action as to them for lack of personal jurisdiction, or alternatively, to transfer the case under 28 U.S.C. Section 1404(a) to the District Court for the Southern District of New York or to stay proceedings pending arbitration pursuant to 9 U.S.C. § 3. Only these defendants had been served at the time their motion was filed.

Patchick attempted to serve the Curtis defendants in late 1983. Curtis's attorneys contested the adequacy of service on the grounds that (1) the person upon whom service was allegedly made, John Bradley, is not the managing agent of Richard Curtis Associates, Inc., and (2) the process server never mailed the summons and complaint as alleged in the affidavit of service.

On March 16, 1984, the district court granted defendants Kensington and Zebra's motion to dismiss for lack of personal jurisdiction. The court held that Patchick failed to establish that Kensington and Zebra engaged in continuous and systematic activity within the State of California. The dispute over service of the Curtis defendants meanwhile remained pending. Patchick filed a notice of appeal from the March 16 order on April 4.

After appellant filed the opening brief, appellees Kensington and Zebra filed a mo-

tion to dismiss for lack of jurisdiction on the ground that the district court's order dismissing some but not all of the defendants is not a "final decision" appealable under 28 U.S.C. Section 1291. *See* Fed.R. Civ.P. 54(b). We agree.

■ If an action is dismissed as to all of the defendants who have been served and only unserved defendants remain, the district court's order may be considered final under Section 1291 for the purpose of perfecting an appeal. *See, e.g., DeTore v. Local, 245,* 615 F.2d 980 (3d Cir.1980); *Leonhard v. United States,* 633 F.2d 599 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); *Siegmund v. General Commodities Corp.,* 175 F.2d 952 (9th Cir.1949). In such circumstances there is no reason to assume that there will be any further adjudication of the action.

■ When, however, defendants remain in the action upon whom service has been made, we cannot assume that the action is final. Here, Patchick attempted to serve the Curtis defendants. Although the Curtis defendants have not yet appeared in the action or filed an answer to the complaint, Patchick has not conceded that service was improper. The action cannot be final until the service dispute is resolved by the district court in favor of the Curtis defendants or until the action is dismissed as to those defendants.

The appeal is therefore premature and is dismissed for lack of jurisdiction.