849 F.2d 606
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin Earl SWANSON, Sr., Plaintiff-Appellant,
v.
James WHITMARE, Transylvania County Officer; Joey Barton,
Social Worker, Transylvania County Department of Social
Services; Judy Nebrig, Pediatrician, Transylvania County
Department of Social Services; Dottie Harris, Social
Worker, Transylvania County Department of Social Services;
Larry Johnson, Director, Transylvania County Department of
Social Services; Transylvania County Department of Social
Services; Scott Peterson, Appointee, North Carolina
Department of Social Services; William R. White; Loto J.
Greenlee; Robert T. Gash; Thomas N. Hix; State of North
Carolina Administration, Defendants-Appellees,
and
Paul Averette, Defendant.
 No. 88-7506.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 29, 1988.
Decided: June 3, 1988.
 
 Melvin Earl Swanson, Sr., appellant pro se.
 James Redfern Morgan, Jr., Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, for appellees Whitmare, Barton, Nebrig, Harris, Johnson, and Transylvania County Department of Social Services.
 Scott Peterson, appellee.
 Ronald Kevin Payne, Long, Parker, Payne & Warren for appellee White.
 Jacob Leonard Safron, Special Deputy Attorney General, for appellees Greenlee, Gash, and Hix.
 T. Lane Mallonee for appellee State of North Carolina Administration.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Melvin Earl Swanson, Sr., a North Carolina inmate, filed this civil action pursuant to 42 U.S.C. Sec. 1983, alleging that the defendants had violated his constitutional rights in connection with his arrest and the termination of his parental rights. The district court dismissed the action as to all defendants except Paul Averette. The court continued the action as to Averette because Averette had not responded to Swanson's complaint and the court was uncertain that Averette had been served. Swanson appeals the district court's dismissal of his action as to the other defendants.
 
 
 2
 Under 28 U.S.C. Sec. 1291 this Court has jurisdiction over appeals from final orders. A final order is one which disposes of all issues in dispute as to all parties. It "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).
 
 
 3
 The order appealed from is not a final order because it does not dispose of Swanson's claims against defendant Averette. Rule 54(b) of the Federal Rules of Civil Procedure provides that, in a suit involving multiple parties, "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment." The district court did direct the entry of a final judgment as to the other defendants, but the court did not make an express determination that there was no just reason for delay. Absent such a determination, this Court is without jurisdiction to review the district court's order.
 
 
 4
 If the record clearly showed that Averette had not been served, the lack of a disposition of the claims against him would not destroy the judgment's finality. See Insinga v. LaBella, 817 F.2d 1469, 1469-70 (11th Cir.1987); Nagle v. Lee, 807 F.2d 435, 438 (5th Cir.1987); Bristol v. Fibreboard Corp., 789 F.2d 846, 847-48 (10th Cir.1986); Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984); Leonhard v. United States, 633 F.2d 599, 608-09 (2d Cir.1980), cert. denied, 451 U.S. 908 (1981); De Tore v. Local No. 245 of the Jersey City Public Employees Union, 615 F.2d 980, 982 n. 2 (3d Cir.1980). Swanson, however, submitted a document to the district court along with his "motion for trial by jury" in which he states that he mailed a copy of the summons and complaint to Averette on October 28, 1987. This document suggests that Swanson served Averette by mail pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii). When the district court's order does not resolve a plaintiff's claims against one of several defendants, and a question remains as to whether that defendant was properly served, the district court's order is not final. Patchick, 743 F.2d at 677.
 
 
 5
 Accordingly, we deny leave to proceed in forma pauperis and dismiss the appeal as premature. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 6
 DISMISSED.