985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred BANKS, Plaintiff-Appellant,
v.
Jim RYAN, Dave Uhlmeyer; Hughes-Calihan Corp.; Schall,
Boudreau and Gore Inc.; Defendants-Appellees.
 No. 92-55881.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Banks appeals pro se the district court's orders dismissing several defendants from his 42 U.S.C. § 1983 suit and the district court's granting of summary judgment in favor of the remaining defendants in claims for (1) conspiracy to deprive him of his civil rights under section 1983, (2) RICO conspiracy, and (3) intentional infliction of emotional distress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 I. BACKGROUND
 
 3
 Banks filed claims for conspiracy to deprive him of his civil rights under section 1983, RICO conspiracy, and intentional infliction of emotional distress. Banks sued three sets of defendants in his actions.
 
 
 4
 The first set of defendants (Ryan, Uhlmeyer, Hughes-Calihan Corp., and Schall, Boudreau and Gore, Inc.) were sued for their participation in an alleged conspiracy involving Banks' photocopy machine. Banks sued Ryan, Uhlmeyer, and Hughes-Calihan in small claims court and in state superior court over the ownership of a photocopy machine. He received unfavorable rulings in both courts and unsuccessfully appealed the decisions through the state appellate system. Schall, Boudreau and Gore, Inc. represented the defendants in superior court and throughout the appeal. The second set of defendants comprised the judges and courts that ruled against Banks in his state court suits and the subsequent appeals. The third set of defendants (Manuel Rodriguez and the San Diego Police Department) were accused of falsely arresting Banks when Banks went to the police station to get a copy of a complaint form filed in relation to the photocopy case.
 
 
 5
 Banks contends that the defendants in his state claims and their counsel conspired with the police, members of the judiciary and other private parties to deprive him of his civil rights. The district court (1) quashed the service of plaintiff's summons and complaint against the third set of defendants for improper service, (2) dismissed the complaint against the second set of defendants based on judicial immunity, and (3) granted summary judgment in favor of the first set of defendants.
 
 II. IMPROPER SERVICE
 
 6
 We review a district court's dismissal of a complaint for improper service for abuse of discretion. Puett v. Blandford, 912 F.2d 270, 273 (9th Cir.1990).
 
 
 7
 Banks failed to satisfy federal and state rules of procedure regarding service in his attempt to serve Manuel Rodriguez and the San Diego Police Department. See Fed.R.Civ.P. 4; Cal.Civ.Proc.Code § 415.20 (West 1991 Supp.). These defendants did not receive proper notice of the action, and Banks never attempted to reserve them as ordered by the district court. The district court, therefore, did not abuse its discretion by quashing service and dismissing the complaint as to these defendants. See Puett, 912 F.2d at 273.
 
 III. JUDICIAL IMMUNITY
 
 8
 We review de novo the district court's dismissal for failure to state a claim. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir.1986). Dismissal is proper only if the nonmoving party is not entitled to relief under any state of facts that could be proved. Id.
 
 
 9
 Judges are absolutely immune from civil damage liability for "judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). The district court's dismissal of the complaint against the second set of defendants was proper because these defendants were courts and judges acting in their judicial capacity. Therefore, they enjoy absolute immunity from civil damage liability. See Id.; NL Indus., Inc., 792 F.2d at 898.
 
 IV. SUMMARY JUDGMENT
 
 10
 We review de novo a district court's grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992).
 
 
 11
 "On summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party." Id. Initially, the moving party must prove the "absence of any genuine issue of material fact that would allow a judgment as a matter of law." Id. If proven, the nonmoving party must then produce evidence which would be "sufficient to support a jury verdict in her favor." Id. at 884-85. "In a section 1983 cause of action, the plaintiff must show that the defendants have deprived him of a right." Arnold v. Int'l Business Machines, 637 F.2d 1350, 1355 (9th Cir.1981). In order to prove a conspiracy between private parties and the government under section 1983, an agreement to violate constitutional rights must be shown. Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983). "A conspiracy occurs only when the parties have reached 'a unity of purpose or a common design in understanding, or a meeting of minds in an unlawful arrangement.' " William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir.1981), cert. denied, 459 U.S. 825 (1982) (quoting American Tobacco Co. v. United States, 328 U.S. 781, 809-810 (1946)). In order to establish intentional infliction of emotional distress under California law, the plaintiff must prove that (1) the defendant's conduct was outrageous, (2) there was "intentional conduct or reckless disregard of the probability of causing emotional distress", (3) the plaintiff suffered severe or extreme emotional distress, and (4) the defendant's outrageous conduct caused the emotional distress. Milne Employees Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1412 (9th Cir.1991), pet. for cert. filed, 61 U.S.L.W. 3060 (U.S. July 6, 1992) (No. 92-65).
 
 
 12
 The district court's grant of summary judgment as to the first set of defendants was proper because of the absence of any genuine issue of material fact and Banks' failure to point to any evidence sufficient to support a jury verdict in his favor. See Hopkins, 958 F.2d at 884-85. Banks failed to point to any evidence that the defendants deprived him of a right or that they were involved in a conspiracy against him. There were no stated facts that would entitle Banks to relief under a section 1983 or RICO. See Fonda, 707 F.2d at 438; William Inglis & Sons Baking Co., 668 F.2d at 1055; Arnold, 637 F.2d at 1355. In addition, there was a complete absence of any genuine issue of material fact that would entitle Banks to relief under a theory of intentional infliction of emotional distress. See Milne Employees Ass'n, 960 F.2d at 1412. Accordingly, we affirm the district court's decision.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Banks' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the action as to all of the defendants who have been properly served. Therefore, the district court's order is considered final under section 1291. Patchick v. Kessington Pub. Corp., 743 F.2d 675, 677 (9th Cir.1984)