12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Al-Wakeel MAHMOOD, aka Robert James; Shakir Abdul Rahim,
aka Michael Jackson, Plaintiffs-Appellants,
v.
James GOMEZ, Director of California Department of
Corrections; J.M. Ratelle, Warden of Richard J.
Donovan Correctional Facility; Karim
Akbar, Muslim Chaplain; et
al., Defendants-Appellees.
 No. 93-55441.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoners Al-Wakeel Mahmood and Shakir Abdul Rahim appeal pro se the district court's summary judgment in favor of prison officials in their 42 U.S.C. Sec. 1983 action. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 Although neither party has raised the issue of jurisdiction, this court considers its jurisdiction sua sponte. Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1984). Under 28 U.S.C. Sec. 1291, we have jurisdiction to hear appeals from all "final decisions" of district courts. Where a district court's order dismisses some, but not all, of the defendants, it is not a "final decision" if the defendants that remain have been served. Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984) (per curiam). Nonetheless, when multiple parties are involved in an action, a district court can direct entry of a final judgment as to less than all parties "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Absent Rule 54(b) certification, however, orders adjudicating less than all of the claims or parties are not final. Id.; Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985).
 
 
 4
 Here, the district court granted the defendants' motion for summary judgment and dismissed all defendants except Karim Akbar. The court made no determination about delay or direction on entry of judgment pursuant to Rule 54(b). Although Akbar did not file an answer to the complaint, the record indicates that he was served. In fact, after Mahmood and Rahim filed a notice of appeal to this court, the district court granted their motion to amend their complaint because Akbar, the "remaining defendant," would not be "prejudiced by amendment." Thus, until the district court adjudicates the claims against Akbar, there is no final decision that is appealable to this court under 28 U.S.C. Sec. 1291. See Patchick, 743 F.2d at 677.
 
 
 5
 Because Mahmood and Rahim's appeal is premature, we dismiss for lack of jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3