26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John BADEA, Plaintiff-Appellant,
v.
Harvey COX, Warden; Norman Saito; Callie Castillo,
Defendants-Appellees.
 No. 93-55475.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Badea, a former federal prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Badea's civil rights action[1] challenging the defendants' denial of his request for placement in a community treatment center ("CTC").[2] We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[3]
 
 
 3
 Badea contends that the defendants' refusal to release him into a CTC (1) violated the Racketeering and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq., and the Nevada Revised State 207.350, because the defendants attempted to extort money from Badea in exchange for his release, (2) violated his liberty interest, and (3) violated his right to equal protection. Badea also contends that the defendants conspired to violate his civil rights in violation of 42 U.S.C. Sec. 1985.
 
 
 4
 * Standard of Review
 
 
 5
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. See Taylor, 880 F.2d at 1045.
 
 II
 RICO Claim
 
 6
 Badea alleges that prison officials violated RICO by requiring him to pay over $1,000 as a condition to his release into a CTC. This contention lacks merit.
 
 
 7
 RICO makes it unlawful for any person who has received income from a pattern of racketeering activity to use or invest the income in any operation or interest affecting interstate commerce. 18 U.S.C. Sec. 1962.
 
 
 8
 In support of their summary judgment motion, defendants submitted affidavits and evidence which show that after pleading guilty to federal and state charges of credit card fraud, Badea was sentenced to eight years imprisonment under federal custody, to run concurrent with a similar sentence imposed by the state of Nevada. As part of his state conviction, the Clark County District Court in Nevada ordered Badea to pay the sum of $20 for an administrative assessment fee and a $1,000 fine. Subsequently, the State of Nevada lodged a detainer on Badea's state sentence which extended the state sentence beyond his expected federal release date.
 
 
 9
 According to the evidence submitted by the defendants, Badea's request for a transfer to a CTC was denied because Badea failed to show financial responsibility in refusing to pay the court-imposed fines, and because a detainer had been lodged against him by the state of Nevada. Defendants contend that their alleged attempts to extort "a minimum of $1,000" were in reality attempts to encourage Badea to pay his court-imposed fines.
 
 
 10
 In support of his RICO claim, Badea relies on a Prison Program Review Report which states that prison officials found Badea to be qualified for a custody reduction, but denied it "solely" due to the Nevada detainer. Badea contends that this Report sufficiently establishes that defendants attempted to extort the $1,000 from him rather than to collect it for any legitimate purpose. Badea also contends that the Nevada detainer was a pretense for denying him release into a CTC. In light of the ample evidence submitted by the defendants, we find that the evidence presented by Badea fails to raise a genuine issue of fact as to whether the defendants engaged in a pattern of racketeering activity. Accordingly, the district court properly granted summary judgment in favor of the defendants on this claim.[4] See Taylor, 880 F.2d at 1045.
 
 III
 Liberty Interest
 
 11
 Badea contends that he has a liberty interest in being released into a CTC. This contention lacks merit.
 
 
 12
 A liberty interest may arise from the due process clause itself or from state law. Toussaint v. McCarthy, 801 F.2d 1080, 1089 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). The due process clause does not create a liberty interest in being transferred to a less restrictive environment. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983) (constitution does not create a liberty interest in remaining within the general prison population); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir.1985). Moreover, although a state may create a protected liberty interest by placing substantive limitations on official discretion, Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989), we find no such state limitations here.[5] The statute and regulations at issue are not explicitly mandatory. See Hewitt, 459 U.S. at 469-471 (statutes and regulations must do more than merely channel administrative discretion; they must be "explicitly mandatory"). Thus, although the statute uses the word "shall," it also uses the discretionary terms "to the extent practicable," and "conditions that will afford the prisoner a reasonable opportunity." Accordingly, because the statute does not necessarily "direct that a given action will be taken or avoided," Badea did not have a liberty interest in being transferred to a CTC. See Toussaint, 801 F.2d at 1094; Badea v. Cox, 931 F.2d 573, 576 (9th Cir.1991) (dissenting opinion).
 
 IV
 Equal Protection and Conspiracy Claims
 
 13
 Badea contends that defendants conspired to violate his right to equal protection because other prisoners in similar circumstances have been allowed transfers into CTCs.
 
 
 14
 In order to prevail on an equal protection claim, Badea must show intentional discrimination. Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1112 (9th Cir.1991). To prevail on a conspiracy claim under 42 U.S.C. Sec. 1985, Badea must show a "meeting of the minds" between a private party and government defendants. Caldeira v. County of Kauai, 866 F.2d 1175, 1181 (9th Cir.), cert. denied, 493 U.S. 817 (1989). Because Badea has failed to submit sufficient evidence to counter the defendants' assertion that the denial of his transfer was based on legitimate reasons, Badea's equal protection and conspiracy claims fail. See Taylor, 880 F.2d at 1045. Accordingly, the district court properly granted summary judgment for the defendants on these claims.[6]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Badea brought this action under 42 U.S.C. Secs. 1983, 1985 & 1986, the action is more properly construed as a Bivens action because the defendants are federal actors. See Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991) (actions under section 1983 and Bivens are identical except for replacement of state for federal actor)
 
 
 [2]
 The district court previously dismissed Badea's civil rights action on the grounds that Badea needed to exhaust his administrative remedies through habeas corpus proceedings. Badea appealed that decision and while his appeal was pending, he was released from prison on parole. Consequently, because Badea's habeas claim had become moot, we reversed and remanded the district court's dismissal, with directions for the court to consider the merits of Badea's civil rights claims. See Badea v. Cox, 931 F.2d 573, 574-75 (9th Cir.1991)
 
 
 [3]
 The district court did not enter judgment against the state defendants. Despite the fact that the state defendants were not formally dismissed, this case is properly before this court. See Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984) ("If an action is dismissed as to all of the defendants who have been served and only unserved defendants remain, the district court's order may be considered final under [28 U.S.C. Sec. 1291] for the purpose of perfecting an appeal.")
 
 
 [4]
 For the same reasons, the district court also properly granted summary judgment on Badea's RICO claim under Nevada Revised Statute 207.400
 
 
 [5]
 18 U.S.C. Sec. 3624(c) provides:
 The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for his re-entry into the community.
 
 
 [6]
 Because a claim under 42 U.S.C. Sec. 1986 is contingent upon a valid section 1985 claim, the district court also properly dismissed Badea's claim under section 1986. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir.1985)