83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Margaretha J. KLEIJNE-FLOOR, Plaintiff-Appellant,
v.
Karel F. LINDEMANS; Parkwest Swiss Investment, Inc.; Swiss
Property Management Corporation, Defendants-Appellees.
Margaretha J. KLEIJNE-FLOOR, Plaintiff-Appellant,
v.
Karel F. LINDEMANS; Hans H. Schmid; Holland United, Inc.;
Swiss Property Management Corporation; Parkwest Swiss
Investment, Inc.; Establishment of Western Real Estate
Corporation; Audit & Consulting Establishment;
Establishment for Foreign Investments, Defendants-Appellees.
 Nos. 93-56473, 94-56513.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Margaretha J. Kleijne-Floor appeals two decisions rendered in her action arising from several promissory notes once held by her late husband. In No. 93-56473, Kleijne-Floor contends the district court erred by dismissing certain defendants for failure to serve. In No. 94-56513, she appeals the grant of summary judgment against her on all claims concerning served defendants. The district court granted this motion based on the statute of limitations. We dismiss the first appeal for lack of appellate jurisdiction; in the second appeal, we affirm.
 
 
 3
 The district court dismissed Kleijne-Floor's complaint against Hans Schmid and Paul Hendrix for failure to serve these named defendants. At the time of the dismissal, service had been effected on other defendants and the claims against the served defendants were pending. The dismissal order therefore was not a final, appealable order. See Patchick v. Kensington Pub. Corp., 743 F.2d 675, 676-77 (9th Cir.1984) (per curiam). Accordingly, the appeal in No. 93-56473 is dismissed. See id. at 677.
 
 
 4
 In No. 94-56513, we have jurisdiction under 28 U.S.C. § 1291, as the appeal has been properly taken from a final order granting summary judgment. While the issue of dismissing unserved defendants might be considered in deciding this pro se appeal, we find that any error here would be harmless. As we explain below, summary judgment was correctly granted on statute of limitations grounds. Although Kleijne-Floor asserts the district court abused its discretion in granting summary judgment before all defendants were served, there is no indication that service of all defendants would have made any difference in deciding the statute of limitations defense.
 
 
 5
 As to the merits of this defense, we review de novo the grant of summary judgment. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). We must determine whether the evidence viewed in a light most favorable to the nonmoving party presents genuine issues of material fact and whether the law was applied correctly. Id. In setting forth the standards for summary judgment, Kleijne-Floor refers to First Amendment protections accorded defendants alleged to have defamed public figures, but this is not a defamation case.
 
 
 6
 Generally speaking, Kleijne-Floor does not challenge the district court's legal analysis of the statute of limitations issue, and we find no flaw in it. Kleijne-Floor's main argument is that she submitted sufficient evidence to raise a genuine issue "whether defendants/appellees actually fabricated statements and documents that they contend they sent to appellant." Appellant's Brief 7 (No. 94-56513). Even if a genuine issue exists on this point, however, the issue is not material. See Fed.R.Civ.P. 56(c) (summary judgment appropriate if no genuine issue exists as to material facts). The material fact on which the district court apparently relied is that Kleijne-Floor knew or had reason to know the date the promissory notes became due. Based on this fact, the district court concluded that Kleijne-Floor "knew the operative facts in the case" and therefore could not avoid the statute of limitations. Because this material fact was undisputed, the district court could properly grant summary judgment.[1]
 
 
 7
 Kleijne-Floor further contends that the district court erred by denying her motion for reconsideration. We review such decisions for abuse of discretion. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994). The district court denied the motion on the ground that most of the material presented in seeking reconsideration was available to Kleijne-Floor at the time of her original opposition to defendants' summary judgment motion. The court also ruled that the small amount of new evidence did not pertain to Kleijne-Floor's argument opposing the statute of limitations defense. On review of the motion for reconsideration and its supporting affidavit, we find no abuse of discretion. See id. at 1263.
 
 
 8
 Finally, the motion made by Jan Versteeg to withdraw as attorney of record for Lindemans in both appeals is granted.
 
 
 9
 The appeal in No. 93-56473 is DISMISSED; in No. 94-56513, the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if it pertained to a material fact, the telephone transcript to which Kleijne-Floor refers on appeal cannot be considered because it is not part of the district court record. See, e.g., FSLIC v. Gemini Management, 921 F.2d 241, 243 n. 3 (9th Cir.1990)