104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Ray YOUNG, Plaintiff-Appellant,
v.
Ruben ACOSTA, M.D.; Dr. Knobe; Arizona State Prison,
Tucson, Defendants-Appellees.
 No. 96-15406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Young, an Arizona state prisoner, appeals pro se the district courts summary judgment for defendant Dr. Acosta, and the district court's 12(b)(6) dismissal of his claim against defendant Dr. White in his 42 U.S.C. § 1983 action. Young contends that the defendants violated his Eighth Amendment rights by misdiagnosing his medical condition and removing his healthy appendix. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 We only have jurisdiction over appeals from final orders. See 28 U.S.C. § 1291. Where a district court's order dismisses some, but not all, of the defendants, it is not a final order if the defendants that remain have been served. See Patchick v. Kensington Publ'g Corp., 743 F.2d 675, 677 (9th Cir.1984) (per curiam). A district court may direct entry of a final judgment as to less than all parties "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See Fed.R.Civ.P. 54(b). Absent Rule 54(b) certification, however, orders adjudicating less than all of the claims or parties are not final. See Frank Briscoe Co., Inc. v. Morrison-Knudson Co., 776 F.2d 1414, 1416 (9th Cir.1985).
 
 
 4
 Here, the district court issued an order granting summary judgment for Dr. Acosta, and an order dismissing Young's claim against Dr. White pursuant to Fed.R.Civ.P. 12(b)(6). Although Dr. Knobe was properly served, the district court failed to adjudicate Young's claim against him. Because the district court's orders did not adjudicate Young's claim against Dr. Knobe, and because the district court did not enter judgment pursuant to Fed.R.Civ.P. 54(b), there is no final, appealable order. Accordingly, we lack jurisdiction to hear this appeal. See Patchick, 743 F.2d at 677.
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3