**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VINCENT C. REYNOSO, | No. 10-56496 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01419-VBF-PLA |
| v. | |
| CITY OF LOS ANGELES; GONZELO CURETON, an individual, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 15, 2012[**]
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Appellant Vincent C. Reynoso, a security officer with the Los Angeles' Department of Water and Power, appeals the district court's dismissal of his § 1983 claims. Reynoso alleges that Defendants the City of Los Angeles and his immediate supervisor Gonzelo Cureton violated his First Amendment rights to freedom of speech and association. We affirm the district court.

We find we have jurisdiction over this appeal under 28 U.S.C. § 1291. Appellant filed an earlier appeal of the district court's dismissal of his claims against the City of Los Angeles, which we dismissed for failure to prosecute. Ordinarily, such a dismissal constitutes an adjudication of the merits. *See Owens v. Kaiser Foundation Health Plan*, *Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). Here, however, we lacked jurisdiction over the initial appeal because, at the time the appeal was filed, the district court had not issued a final decision as to Defendant Cureton and thus there was no final decision as to all claims and all parties. *See Patchick v. Kensington Publ'g Corp.*, 743 F.2d 675, 677 (9th Cir. 1984).

Appellant did not oppose the district court's dismissal of his claims against Defendant Cureton, and on appeal, he did not address the district court's finding that Cureton is immune from suit. As a result, Appellant has waived his claims against Cureton on this appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.

1999) and *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).

Appellant's claims against the City of Los Angeles are barred by the applicable two-year statute of limitations. *See Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701, n.3 (9th Cir. 2009). In his current complaint, appellant alleges retaliation for his decision to involve the union in his grievance proceeding. In his earlier, timely-filed complaints, appellant makes no allegations that the defendant's retaliatory conduct concerned his union involvement. Because his amended complaint does not "involve the *same injury . . . as the original one*," it does not relate back to his earlier complaints. *See Norgart v. Upjohn Co.*, 21 Cal.4th 383, 408-09 (Cal. 1999).

Even if his complaint had been timely filed, Reynoso fails to plead facts supporting municipal liability under *Monell*. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). His bare allegation that "[s]everal . .. co employees have complained of similar treatment" is insufficient to establish a pattern and practice of municipal behavior. *See Iqbal v. Ashcroft*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2007) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Nor did Reynoso plead any facts in the complaint suggesting that persons with policymaking

3

authority had ratified decisions concerning his employment conditions and treatment. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 127(1988).

**AFFIRMED.**