**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2496
_____

FRIEDRICH LU,
                                    Appellant

v.

JANE E. YOUNG; JOE H. TUCKER, JR.; LESLIE M. GREENSPAN;
TUCKER LAW GROUP, LLC; LYNN CHARYTAN; ALYCIA S. HORN;
COMCAST CABLE COMMUNICATIONS, LLC; BISOLA OJIKUTU;
TIMOTHY J. HARRINGTON; BATOOL RAZA; WHITNEY C. PASTERNACK;
BOSTON PUBLIC HEALTH COMMISSION; MARK L. WOLF; WALTER T.
MITCHELL; JAHAD HASAN; ERIC T. DONOVAN; DAVID T. DONNELLY;
STEVEN TANKLE; JEFFREY A. LOCKE; CATHERINE O'HAGAN WOLFE;
GEORGE V. WYLESOL; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. E.D. Pa. Civ. No. 2:23-cv-01239)
District Judge:  Honorable John M. Younge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 25, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

**PER CURIAM**

Friedrich Lu filed a pro se complaint against 22 defendants, bringing RICO[1] and tort claims based on recent incidents while describing them as proof of a government conspiracy that has complicated his life for decades. Most of the defendants, in three groups, moved to dismiss the complaint on various grounds.[2] Six defendants did not appear or participate, and Lu requested that the Clerk enter defaults against them, describing the efforts he had made to serve them. He also sought the District Judge's recusal.

After the District Judge declined to recuse, the District Court granted the motions to dismiss and dismissed the claims with prejudice, variously for lack of subject-matter jurisdiction, for lack of personal jurisdiction, and for failure to state a claim.[3] After considering the evidence of service that Lu had included in his requests for the entry of default and concluding that Lu had not shown that service was properly or timely effectuated, the District Court dismissed the remaining defendants from the action

---

constitute binding precedent.

[1] Racketeer Influenced Corrupt Organizations Act of 1970

[2] Like the District Court, we call the groups the "Comcast defendants," the "Federal defendants," and the "BPHC defendants." Because we write primarily for the parties, who are familiar with the facts, we will not redefine the groups here.

[3] Dismissals for lack of personal jurisdiction and for lack of subject-matter jurisdiction are necessarily without prejudice, see Lauderdale-El v. Indiana Parole Bd., 35 F.4th 572, 576–77 (7th Cir. 2022), and we understand that the District Court did not intend a final judgment on the merits by the "with prejudice" designation. See ECF No. 62 at 15.

without prejudice for lack of proper or timely service under Rule 4(m).  The District Court directed the Clerk of Court to disregard the requests for default because they were moot and to close the case.  In its order, the District Court did not explicitly rule on a few of Lu's pending motions, including his request that two of the defendants (Young, the U.S. Attorney for the District of New Hampshire, and Wolf, a senior District Judge in the District of Massachusetts) be enjoined from relying on (or, perhaps, only discussing) a filing injunction that Wolf had entered in 2002, and a motion to enjoin Young from contacting him.  Lu moved for reconsideration, which the District Court denied.  Lu filed a notice of appeal, which he subsequently amended to include a challenge to the effective denial of his requests for injunctive relief against Young.

We have jurisdiction under 28 U.S.C. § 1291.[4]  We review the District Judge's order denying the motion to recuse for abuse of discretion.  See Securacomm Consulting,

---

[4] The District Court dismissed some of the defendants for lack of proper service, that dismissal was "without prejudice," Fed. R. Civ. P. 4(m), and without-prejudice dismissals typically are not immediately appealable.  See Borelli v. City of Reading, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam).  But see, e.g., G. W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 n.2 (3d Cir. 2022) (stating that a dismissal for lack of subject-matter jurisdiction does not fall within the Borelli rule).  However, the without-prejudice dismissals for lack of proper service in this case do not preclude our review because "a named defendant who has not been served is not a 'party' within the meaning of Rule 54(b)."  Gomez v. Gov't of the V.I., 882 F.2d 733, 736 (3d Cir. 1989); see also Cambridge Holdings Grp., Inc. v. Fed. Ins. Co., 489 F.3d 1356, 1360-61 (D.C. Cir. 2007) ("[A] district court order disposing of all claims against all properly served defendants satisfies the requirements of Rule 54(b), even if claims against those not properly served remain unresolved.");  Patchick v. Kensington Pub. Corp., 743 F.2d 675, 677 (9th Cir. 1984) (suggesting that an order dismissing some defendants with prejudice would be final if 1) a district court ruled in favor of other defendants on their argument that they had not been properly served or 2) dismissed the action as to those defendants).  Lu asserted that

Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Our review of the order dismissing the complaint is plenary. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012); Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020). However, we do not consider issues that Lu does not raise, including any challenge to the effective denial of the two requests

<hr />

he served the defendants by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), see ECF Nos. 14 at 1 & 60 at 2. But he purported to have served some defendants by email on the ground that "Massachusetts 'state law' – not Mass Rules Civ Pro *per se*" permitted that method of service of process. ECF No. 14 at 1. But Lu could not serve the defendants by email under the circumstances of this case where Massachusetts does not generally permit service of process by email (and neither does Pennsylvania). For the other defendants, he relied on Pennsylvania's provisions for mailing service to a defendant "outside the Commonwealth." Pa. R. Civ. P. 404. Putting aside whether Lu could rely on this provision by filing a lawsuit in the Eastern District of Pennsylvania and then going to the "Town of Dedham, Massachusetts post office," ECF No. 60, to serve process by mail to defendants who were in the same Commonwealth as he, we agree with the District Court that Pennsylvania requires the submission of a "signed return receipt signed by the defendant" for service by mail under Rule 404, Pa. R. Civ. P. 405(c), and Lu did not submit any return receipts. Lu relies on Cinta's Corporation v. Lee's Cleaning Services, Inc., 700 A.2d 915 (Pa. 1997), to argue that his failure to submit the receipt does not preclude a finding that he properly served the defendants. However, even assuming that the principle described in Cinta's Corporation applies to the service issue in this case, that case is distinguishable because in it, unlike in Lu's case, the plaintiff included "sufficient information for a court to determine that service was proper." 700 A.2d at 918 (describing "ample facts to show that service was proper" submitted through an affidavit from counsel instead of from his employee, the process server himself); see also Grand Ent. Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) ("[T]he party asserting the validity of service bears the burden of proof on that issue.").

4

for injunctive relief against Young, decisions he mentions in his brief but does not present any argument about.[5] See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that a party forfeits any argument that he does not raise in his opening brief).

In challenging the District Judge's decision not to recuse, Lu makes far-ranging arguments about how and why the District Judge became "an assassin to kill the case," 3d Cir. Doc. No. 18-1 at 2, and asks us not only to provide appellate review but also to grant mandamus relief requiring the District Judge's recusal. Upon review, we conclude that there was no basis requiring the District Judge's recusal and that it would not be appropriate for us to exercise our mandamus authority under these circumstances.[6] See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."); In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that "unsupported, irrational, or highly tenuous speculation" is not a basis for recusal); see also In re Abbott Laboratories, 96 F.4th 371, 379 (3d Cir. 2024) ("The writ

---

[5] He seemingly only wished to challenge the District Court's treatment of those motions if we concluded that we did not have jurisdiction under § 1291 over the rest of his appeal. See 3d Cir. Doc. No. 18-1 at 8.

[6] To the extent that Lu also asks us to use our mandamus authority to vacate all the rulings in his District Court case, see, e.g., 3d Cir. Doc. No. 18-1 at 4, we note that mandamus may not be used as a substitute for appeal, see In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

of mandamus is an extreme remedy reserved for only the most extraordinary situations.") (cleaned up).

Lu argues that the District Court erred in dismissing his RICO claims against the Comcast defendants by relying on a principle from Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162 (3d Cir. 1989), because that case was abrogated in part by Beck v. Prupis, 529 U.S. 494 (2000). However, Beck addressed a different issue (whether an overt act supporting a RICO claim could be something other than acts unlawful under the RICO statute), see Beck, 529 U.S. at 500, 507, and did not affect the requirements for which the District Court cited Shearin. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 179 (3d Cir. 2010) (noting that Shearin had been abrogated in part by Beck while citing it for its principle that a plaintiff claiming conspiracy must include allegations about its period, its object, and the certain actions by the alleged conspirators to achieve its purpose). And, as the District Court concluded, Lu did not plead what Shearin requires to state a RICO claim. See Shearin, 885 F.2d at 1166. Accordingly, Lu's challenge to the dismissal of the claims against the Comcast defendants is without merit.

Lu contests the dismissal of the Federal defendants on several bases. He takes issue with the District Court's interpretation of his complaint as including (in addition to other claims) constitutional or common law tort claims against the Federal defendants in their official capacities. See, e.g., 3d Cir. Doc. No. 18-1 ("Lu made no such claims against these defendants.") But if he made no such claims, any error in dismissing them

6

was harmless. He also asserts that the District Court erred in dismissing his Federal Tort Claim Act ("FTCA") for lack of subject-matter jurisdiction because he had not met the jurisdictional prerequisite of first presenting a claim for money damages in a sum certain to the appropriate administrative agency. See White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456-57 (3d Cir. 2010). However, his FTCA claim was based on a hacking incident; his claim for $1 billion dollars in damages was "to compensate for [his] trial and tribulations for thirty years against foes unknown and [K]afkaesque experiences," ECF No. 1-1, Ex. at 2-5. Despite his argument to the contrary, he did not request a qualifying sum certain.

Lu challenges the dismissal of the RICO claims against the United States on the basis that "defendant United States did not challenge the RICO claim." 3d Cir. Doc. No. 18-1 at 23. However, the United States indeed argued that "RICO damages claims against the United States and the Federal Employee Defendants fail for implausibility" in moving to dismiss all claims for damages and equitable relief against the United States and the other Federal defendants. ECF No. 36 at 13; see also id. passim. Lu is right that counsel for the United States did not file a motion to dismiss the RICO and other claims against the Federal defendants in their individual capacities and instead urged dismissal of those claims in a statement of interest. See ECF No. 37; see also ECF No. 36 at 2 (explaining that the statement of interest was filed because the claims should be promptly dismissed "even before the U.S. Department of Justice authorizes the U.S. Attorney's Office to provide individual-capacity representation"). Regardless of the propriety of the

7

statement, which Lu contests, we do not assign error to the District Court's sua sponte dismissal of the implausible RICO or other claims against the Federal defendants in their individual capacities under the circumstances of this case. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 7 (1st Cir. 2007) (describing the limited circumstances in which sua sponte dismissals under Rule 12(b)(6) are appropriate); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."); Shearin, 885 F.2d at 1166 (describing what must be pleaded to state a RICO claim).

In relation to the BPHC defendants, Lu claims the District Court "thumbed its nose" at Laurel Gardens, LLC v. McKenna, 948 F.3d 105 (3d Cir. 2020), in ruling that it lacked personal jurisdiction over them. ECF No. 18-1 at 26. The District Court did not consider whether it had personal jurisdiction under a specific RICO Act provision authorizing nationwide exercise of personal jurisdiction that we discussed in Laurel Gardens, LLC. See id. at 109. However, the requirements of that provision, 18 U.S.C. § 1965(b), are not met in this case.[7] See § 1965(b) (explaining that a court may cause

---

[7] Because Lu has not identified any error with the dismissal of the BPHC defendants for lack of personal jurisdiction, we do not reach his claims that the District Court should not have alternatively dismissed the claims on the merits, see In re Lipitor Antitrust Litig., 855 F.3d 126, 151 (3d Cir. 2017), as amended (Apr. 19, 2017). And, to the extent that he contends that the District Court should have entered default judgment against these defendants, we conclude that the District Court did not err in declining to do so where it concluded that it lacked personal jurisdiction over them. See Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) ("A judgment is void within the meaning of

8

parties residing in any other district to be summoned when "the ends of justice require …

[that they] be brought before the court").

For these reasons, we will affirm the District Court's judgment.  As we explained,

we also decline to grant mandamus relief.  Additionally, we deny Lu's remaining

motions.

---

Rule 60(b)(4) if the court that rendered it lacked personal jurisdiction over the
defendant.")