**FRANK BRISCOE COMPANY, INC., a corporation, Plaintiff-Appellant,**

v.

**MORRISON–KNUDSEN COMPANY, INC., a corporation, et al., Defendants-Appellees.**

No. 84–2451.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1985.

Decided Nov. 21, 1985.

James J. Jimmerson, James J. Jimmerson & Associates, Morton R. Galane, Las Vegas, Nev., Louis Pepe, Pepe & Hazard, Hartford, Conn., for plaintiff-appellant.

Will Kemp, Las Vegas, Nev., Richard Seabolt, Hancock, Rothert & Bunshoft, San Francisco, Cal., Roger Erickson, Erickson, Thorpe, Swainston & Cobb, Ltd., Reno, Nev., H. James Wulfsberg, Lempres & Wulfsberg, Oakland, Cal., for defendants-appellees.

Before DUNIWAY, HALL, and WIGGINS, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

### I. *Procedural Background.*

Frank Briscoe Company, Inc. (Briscoe) was the general contractor on the construction of an Advanced Wastewater Treatment Plant in Clark County, Nevada. Briscoe filed this action in the United States District Court for the District of Nevada, for breach of contract and tort against the owner of the project, Clark County Sanitation District Number 1 (District), and against the engineer, URS Company, Inc. (URS), the construction manager, Morrison-Knudsen Co., Inc. (M–K), and the interim engineer, H.K. Ferguson Company (Ferguson).

On November 19, 1982, M–K and Ferguson moved to dismiss the negligence allegations in Briscoe's complaint which applied to them. On August 5, 1983, appellee URS also moved to dismiss applicable negligence allegations. In a minute order entered March 20, 1984, the district court granted both motions to dismiss and granted Briscoe leave to file an amended complaint.

Briscoe filed an amended complaint on April 2, 1984. On April 12, 1984, M–K and Ferguson moved to dismiss the negligence allegations made against them in the amended complaint. On April 16, 1984, URS also moved to dismiss the amended complaint's applicable negligence allegations.

On April 19, M–K and Ferguson filed a motion to certify, under Fed.R.Civ.P. 54(b), the March 20, 1984 order granting their November 19, 1982 motion to dismiss the negligence claims in Briscoe's original complaint. On April 20, URS filed a motion for 54(b) certification of the March 20, 1984 order granting its August 5, 1983 motion to dismiss.

In a minute order entered August 16, 1984, the district court granted the April 12 and 16, 1984 motions to dismiss Briscoe's amended complaint filed on behalf of M–K and Ferguson and on behalf of URS. The district court order also stated:

6. The Motion for 54(b) Certification (#722), filed April 19, 1984, on behalf of Defendants Morrison-Knudsen Company, Inc. and H.K. Ferguson Company, is granted.

7. The Motion for Entry of Final Judgment pursuant to Rule 54(b) of the FRCP (#725), filed April 20, 1984, on behalf of Defendant URS Company, Inc., is granted.

The district court made no other Rule 54(b) determination.

Briscoe appeals from the district court's March 20, 1984 order granting M–K, Ferguson, and URS's motions to dismiss the original complaint, and from the court's August 17, 1984 order granting appellees' motions to dismiss the amended complaint and granting appellees' motions for 54(b) certification.

### II. *Jurisdiction.*

Fed.R.Civ.P. 54(b) states:

When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may

direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties....

The district court orders granting appellees' motions to dismiss in this case did not dispose of Briscoe's independent claims against the District (Amended Complaint Counts 1–8) nor did these orders dispose of Briscoe's conspiracy claim against the District and appellees. (Amended Complaint Count 15) This court therefore cannot hear an appeal from these orders absent a proper 54(b) determination.

The district court never certified its August 16, 1984 orders granting appellees' April 12 and April 16, 1984 motions to dismiss Briscoe's amended complaint. This court has no jurisdiction to hear Briscoe's appeal from these orders.

Nor do we have jurisdiction with respect to the district court's March 20, 1984 orders granting appellees' November 19, 1982 and August 5, 1983 motions to dismiss Briscoe's original complaint. The district court's 54(b) certification was not valid. It never made a requisite "express determination that there is no just reason for delay." Fed.R.Civ.P. 54(b).

If there should be any additional motions filed under Rule 54(b), the trial court should bear in mind what we said in *Morrison-Knudsen Co., Inc. v. Archer*, 9 Cir., 1981, 655 F.2d 962 at 965:

> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. The trial court

should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order. Those findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court. A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings.

*See also Curtiss-Wright Corp. v. General Electric Co.*, 1980, 446 U.S. 1, 5–6, 10, 100 S.Ct. 1460, 1463–1464, 1466, 64 L.Ed.2d 1.

The appeal is dismissed.