962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dorothy L. DAVIS, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, et al., Defendants-Appellees.
 No. 91-55702.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 11, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dorothy L. Davis appeals the district court's summary judgment dismissing her Title VII action against Postmaster General Anthony M. Frank. Davis contends that the district court erred by dismissing a companion case, dismissing state law claims, denying a motion for recusal, and granting summary judgment on the basis that she had not established a prima facie case of disparate treatment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Jurisdiction
 
 3
 Davis has filed a notice of appeal from the final judgment in this case, and not in the companion case. Accordingly, we do not have jurisdiction to review the dismissal of the companion case. See Munoz v. Small Business Admin., 644 F.2d 1361, 1364 (9th Cir.1981) (appeal from final judgment encompasses all earlier non-final orders that produced the judgment).
 
 
 4
 Frank contends that we lack jurisdiction to review the district court's August 20, 1990 orders dismissing certain claims and defendants because the orders were final and appealable, but no notice of appeal was filed until June 5, 1991. In a case involving multiple claims and parties, the district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b); see Briscoe Co. v. Morrissen-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985) (judgment must include required statements; mere reference to rule not sufficient). Here, one of the August 20 orders stated as follows: "This Order is a final judgment for purposes of Rule 54(a), FRCP." Not only did the order fail to refer to Fed.R.Civ.P. 54(b), but also there was no express determination of no just reason for delay. Accordingly, the orders of August 20, 1990, were not final and appealable. See Briscoe Co., 776 F.2d at 1416. We therefore have jurisdiction to review the August 20 orders as part of Davis's appeal from the final judgment of May 13, 1991. See Munoz, 644 F.2d at 1364.
 
 II. Non-Title VII Claims
 
 5
 Davis contends that in the August 20 orders the district court erred by dismissing pendent state law tort claims. Of the seven claims in Davis's complaint, claims 2 and 7 could be construed as tort claims. Claim 7 was a claim for damages for emotional distress allegedly caused by Frank and other defendants' breach of their duties as employers "solely based on the fact that she was a minority of African-American [descent]." Claims 1, 3, and 5 were civil rights and constitutional claims. The district court construed claim 2 as a Title VII claim and dismissed claims 1, 3, 5, and 7 pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and without leave to amend.
 
 
 6
 We review de novo a district court's dismissal of an action for failure to state a claim, and we review a denial of leave to amend for an abuse of discretion. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991). Title VII is the exclusive remedy available to a federal employee alleging job-related racial discrimination. Williams v. General Services Admin., 905 F.2d 308, 311 (9th Cir.1990); White v. General Services Admin., 652 F.2d 913, 916-17 (9th Cir.1981). Accordingly, the district court did not err by dismissing Davis's non-Title VII claims without leave to amend.
 
 III. Recusal
 
 7
 Davis contends that the district court erred by denying her motion for recusal of Judge Hupp. Even though Davis did not mention in her notice of appeal the order denying the recusal motion, we have jurisdiction to review the order. See Munoz, 644 F.2d at 1364 (appeal from final judgment encompasses all earlier non-final orders, and mistake in designating judgment appealed from does not result in loss of appeal if appellee is not misled because issue has been briefed).
 
 
 8
 We review for an abuse of discretion a district court's decision whether to grant a motion for recusal pursuant to 26 U.S.C. § 144 and 28 U.S.C. § 455. Preston v. United States, 923 F.2d 731, 733 (9th Cir.1991). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir.1989) (quotation omitted), cert. denied, 110 S.Ct. 3237 (1990). To warrant recusal, judicial bias must stem from an extrajudicial source. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991). "Further, the bias or prejudice must result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Hernandez-Escarsega, 886 F.2d at 1481 (quotation omitted).
 
 
 9
 Here, on April 26, 1990, Davis filed a recusal motion claiming that Judge Hupp's impartiality might reasonably be questioned because in 1985 another district court judge sent him a memorandum expressing an opinion regarding 42 U.S.C. § 1983 actions alleging police brutality. Judge Hatter denied Davis's motion on May 7, 1991. Mere receipt of a memorandum addressing another type of case does not give an appearance of impartiality. Accordingly, the denial of Davis's recusal motion was not an abuse of discretion. See Preston, 923 F.2d at 734; Hernandez-Escarsega, 886 F.2d at 1581.
 
 IV. Summary Judgment
 
 10
 Finally, Davis contends that the district court erred by granting summary judgment on her Title VII claims of discrimination based on race and pregnancy. This contention lacks merit.
 
 
 11
 We review de novo a district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether any genuine issue of material fact remains for trial and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990).
 
 
 12
 The plaintiff in a Title VII action bears the initial burden of establishing a prima facie case of disparate treatment by introducing evidence that gives rise to an inference of unlawful discrimination based on such matters as race and sex. 42 U.S.C. § 2000e-16; Sischo-Nownejad v. Merced Comm. Coll. Dist., 934 F.2d 1104, 1109 (9th Cir.1991). The plaintiff may meet this burden by demonstrating that (1) she is a member of a protected class; (2) she was performing her job in a satisfactory manner; (3) she suffered an adverse employment decision; and (4) she was treated differently than similarly situated persons outside her protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad, 934 F.2d at 1109, 1109 n. 7; Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir.1988). Pursuant to the Pregnancy Discrimination Act, sex discrimination includes discrimination based on "pregnancy, childbirth, or related medical conditions; and women affected by [these conditions] shall be treated the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).
 
 
 13
 Once the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to establish a legitimate, nondiscriminatory reason for the employment decision. Sischo-Nownejad, 934 F.2d at 1109. If the defendant carries this burden, then the plaintiff must prove that the reason given was a pretext for discrimination. Id.
 
 
 14
 Here, Davis claimed that she was treated differently from other employees who had been placed on "light duty." Davis is a letter carrier employed by the United States Postal Service. On June 6, 1988, she was placed on light duty for the remainder of her pregnancy because her doctor determined that she should not lift more than 20 pounds. She was permitted to "case" her route or prepare the mail for delivery but not to carry the mail. As a result, her work hours were reduced to approximately three per day, and she was paid only for hours worked.
 
 
 15
 Davis claimed that Connie Marek, a white female employee, received more light duty hours than Davis. Testimony before the Equal Employment Opportunity Commission by Marek and her supervisor Joan Hall indicated that because of injuries received in a car accident Marek was placed on light duty for two days, and on those days she was restricted to casing and worked less than four hours. Accordingly, Davis did not establish that Marek was treated more favorably. See McDonnell Douglas Corp., 411 U.S. at 802; Sischo-Nownejad, 934 F.2d at 1109, 1109 n. 7; Pejic, 840 F.2d at 672. Similarly, Laura Ramirez, another white female employee, was placed on light duty during her pregnancy, but Davis did not present evidence showing that Ramirez received more work hours than she did. Davis claimed that Dave Smith, a male part-time or "flex" employee, was treated more favorably because he was given work that she could have done. Because Smith was not placed on light duty, he was not similarly situated to Davis. His treatment therefore was irrelevant to her Title VII claim. See McDonnell Douglas Corp., 411 U.S. at 802; Sischo-Nownejad, 934 F.2d at 1109, 1109 n. 7; Pejic, 840 F.2d at 672. White employees Nancy Heairet and Ronald Marquez also were not similarly situated because they were not placed on light duty.
 
 
 16
 Accordingly, viewing the evidence in the light most favorable to Davis, the district court did not err by granting summary judgment on the basis that she did not establish a prima facie case of race or sex discrimination. See Sischo-Nownejad, 934 F.2d at 1109.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Davis's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3