990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen R. TOWNZEN, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; County of El Dorado; City of
Placerville; Police Department of Placerville;
et al., Defendants-Appellees.
 No. 91-15844.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen R. Townzen appeals pro se the district court's order dismissing with prejudice his 42 U.S.C. §§ 1985 and 1986 civil rights claims. We note lack of jurisdiction for want of a final appealable order, and dismiss this appeal.
 
 
 3
 While neither party has raised the issue of jurisdiction, we consider our jurisdiction sua sponte. Hoohuli v. Ariyoshi, 741 F.2d 1169, 1171 n. 1 (9th Cir.1985). A district court order dismissing some but not all of the defendants is not a "final decision" appealable under 28 U.S.C. § 1291. McGuckin v. Smith, 974 F.2d 1050, 1053 n. 1 (9th Cir.1992); Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984) (per curiam). Nevertheless, upon an express determination that there is no just reason for delay and upon an express instruction for the entry of judgment, the district court may direct the entry of a final judgment as to one or more but fewer that all of the claims. Fed.R.Civ.P. 54(b); Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985). Without a Rule 54(b) certification, orders dismissing some but not all of the defendants or claims are not final. Fed.R.Civ.P. 54(b); Frank Briscoe Co., 776 F.2d at 1416.
 
 
 4
 Townzen's amended complaint named the following as defendants: the State of California, the County of El Dorado, the El Dorado Sheriff's Department, the El Dorado County Children's Protective Services, the El Dorado County District Attorney's Office, the City of Placerville, Placerville City Police Department, Carol Halk, Cherie Brown, Dianne Springborn, Lisa Wilson, Marty Hackett, Dave Lawrence, two unknown Placerville City Police Officers, 25 John Does, and 25 Jane Does.[1]
 
 
 5
 On 9 March 1992, defendants County of El Dorado, El Dorado County Sheriff's Department, Carol Halk, Lisa Wilson, Marty Hackett, El Dorado County Children's Protective Services, the El Dorado District Attorney's Office, and Dave Lawrence moved for an order of abstention and, in the alternative, an order dismissing the complaint. On 14 April 1992, the district court granted this motion and dismissed with prejudice Townzen's sections 1985 and 1986 claims and ordered Townzen's section 1983 claim stayed until a final judgment is entered in the underlying state court action.
 
 
 6
 Townzen's notice of appeal was filed on 13 May 1992. Thus, defendants remained in the action after the district court granted the motion.[2] Therefore, the district court's order dismissing the action as to defendants County of El Dorado, El Dorado County Sheriff's Department, Carol Halk, Lisa Wilson, Marty Hackett, El Dorado County Children's Protective Services, the El Dorado District Attorney's Office, and Dave Lawrence but not defendants State of California, City of Placerville, and Placerville City Police Department is not a "final decision" appealable under 28 U.S.C. § 1291. See McGuckin, 974 F.2d at 1053 n. 1. Moreover, because the district court has not issued a Rule 54(b) certification the order is not appealable. See Frank Briscoe Co., 776 F.2d at 1416.
 
 
 7
 Accordingly, this appeal is premature and is dismissed for lack of jurisdiction.
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On 6 January 1992, the district court dismissed sua sponte the claims against "all DOE and other fictitiously named defendants."
 The district court record and docket sheet indicate that defendants Brown and Springborn were never served and, therefore, have not appeared in this action.
 
 
 [2]
 The district court record indicates that on 30 June 1992 the district court dismissed the action as to defendant State of California