995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel ANDRISANI, Plaintiff-Appellant,
v.
G. Keith WISOT; Robert T. Devich; Vaino Spencer; Miriam
A. Vogel, Defendants-Appellees.
 No. 92-56527.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel Andrisani appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against two attorneys and various judges of the California state courts. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 On April 29, 1992, Andrisani filed his complaint in district court naming as defendants two attorneys, a Los Angeles Superior Court judge, three California Court of Appeal justices, and two justices of the California Supreme Court. Andrisani alleged that he was denied equal protection when Andrisani's former attorney successfully sued him for malicious prosecution. Andrisani asserted the constitutional violations occurred during prosecution of the malicious prosecution case before Superior Court Judge Wisot and during the subsequent appeals. On October 19, 1992, the district court dismissed the claims against the superior court judge and appellate court justices for lack of jurisdiction. The October 19th order did not, however, dispose of the claims against the two attorneys or the California Supreme Court justices. On November 23, 1992, Andrisani filed his notice of appeal from the October 19, 1992, order of dismissal.
 
 
 4
 We raise sua sponte the issue of our jurisdiction to hear this appeal. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989). Pursuant to 28 U.S.C. § 1291, this court has jurisdiction over appeals from final orders of the district court. A district court order dismissing an action as to only some of the defendants is not a final order pursuant to 28 U.S.C. § 1291. Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 554 (9th Cir.1986), cert. denied, 484 U.S. 822 (1987). Such an order is not appealable without district court certification pursuant to Fed.R.Civ.P. 54(b). Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985).
 
 
 5
 Here, the district court's October 19th order is not a final order because it did not dispose of all claims against all the parties. See Unioil, 809 F.2d at 554. Moreover, the district court did not certify its order of dismissal pursuant to 54(b). See Frank Briscoe Co., 776 F.2d at 1416. Accordingly, we dismiss this appeal for lack of appellate jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Andrisani's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3