21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel DILLEY, Plaintiff-Appellant,
v.
Bryant S. GUNN, Warden; B. Schelke; Norma Wells,
Defendants-Appellees.
 No. 93-55902.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1994.*
Decided March 30, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Daniel Dilley appeals pro se the district court's denial of a preliminary injunction and entry of partial summary judgment for Dilley on some claims and for the defendants on others. Dilley alleges that the law library at Calipatria State Prison and other prison conditions are unconstitutional. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1) to review the district court's denial of Dilley's request for a preliminary injunction. We, however, lack jurisdiction over the remainder of Dilley's appeal. We affirm in part and dismiss in part.
 
 
 3
 * Background
 
 
 4
 Dilley's first amended complaint alleged that the law library at the Calipatria State Prison was constitutionally inadequate and that the conditions of confinement violated the Eighth Amendment. Dilley sought declaratory relief and damages. On 29 March 1993, the district court found that "the access to the law library facilities at Calipatria State Prison [is] not constitutionally adequate" and granted Dilley's motion for summary judgment on that claim. The district court denied Dilley's motion for summary judgment on all other claims. On 5 May 1993, Dilley filed an "Application For An Order To Show Cause." Dilley requested that the court order the defendants to provide a constitutionally adequate prison law library while his case was being adjudicated. On 11 May 1993, the district court, construing Dilley's motion as a request for a preliminary injunction, denied Dilley's request. On 7 June 1993, the district court granted defendant Gunn's motion for summary judgment on the issue of damages with respect to the library access claim. The district court also granted summary judgment to defendants Wells and Schelke with respect to the library access claim. In the same order, the district court granted defendant Gunn's motion for summary judgment with respect to Dilley's claim that he was denied food in violation of the Eighth Amendment. The district court denied defendant Gunn's motion on all other claims. On 11 June 1993, Dilley filed his notice of appeal.
 
 II
 Preliminary Injunction
 
 5
 A district court's order regarding preliminary injunctive relief is subject to limited review. Senate of California v. Mosbacher, 968 F.2d 974, 975 (9th Cir.1992). The grant or denial of a preliminary injunction will be reversed only where the district court abused its discretion or based its decision on an erroneous legal standard or clearly erroneous factual findings. Id.
 
 
 6
 Here, the district court found that although the prison does not provide prisoners with adequate library access, Dilley has failed to show that he has been denied meaningful access to the courts. The district court specifically found that the law library was adequate for Dilley's needs. Dilley has not demonstrated that these findings are clearly erroneous. Having reviewed the record, we do not find these findings to be clearly erroneous. Accordingly, we conclude that the district court did not abuse its discretion by denying Dilley's request for a preliminary injunction. See id.
 
 III
 Partial Summary Judgment
 
 7
 A district court order disposing of some but not all of the claims is not a "final decision" appealable under 28 U.S.C. Sec. 1291. Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985). Nevertheless, upon an express determination that there is no just reason for delay and upon an express instruction for the entry of judgment, the district court may direct the entry of a final judgment as to one or more but fewer that all of the claims. See id.; Fed.R.Civ.P. 54(b).
 
 
 8
 The district court orders of 29 March 1993, and 7 June 1993, did not dispose of all claims pending in this litigation. Therefore, the district court orders granting partial summary judgment for Dilley on one claim and for the defendants on others are not "final decision[s]" appealable under 28 U.S.C. Sec. 1291. See Frank-Briscoe, 776 F.2d at 1416; Oppenheimer v. Los Angeles Flood Control Dist., 453 F.2d 895 (9th Cir.1972) (per curiam) (holding that the denial of a motion for partial summary judgment is not a final order and, therefore, not appealable). Moreover, because the district court has not issued a Rule 54(b) certification, the order is not appealable. See Frank-Briscoe, 776 F.2d at 1416.[1]
 
 
 9
 AFFIRMED IN PART and DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Dilley appeals the district court's denial of his request to stay the proceedings pertaining to his claims that the conditions of confinement are unconstitutional, we conclude that this claim is not properly before this court. Dilley filed his notice of appeal on 11 June 1993. The district court denied his request for a stay on 1 July 1993. Therefore, Dilley's notice of appeal is premature as to that claim. Even if Dilley's notice of appeal is timely as to this claim, we conclude that the district court's denial of his stay is not appealable under 28 U.S.C. Sec. 1292(a)(1). See Abernathy v. Southern California Edison, 885 F.2d 525, 527 (9th Cir.1989)