53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ray Donald PRATT, Plaintiff-Appellant,
v.
Bruce BANKS, CPO; Kenneth Giddens, CPO; Roger Crist, Warden,
Sgt. Mayer; Lt. Woods, Defendants-Appellees.
 No. 94-15793.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-91-00391-JMR; John M. Roll, District Judge, Presiding.
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Ray Donald Pratt appeals pro se the district court's summary judgment in favor of prison officials in Pratt's 42 U.S.C. Sec. 1983 civil rights actions. Pratt alleged that the defendants denied him adequate outdoor exercise, practiced double celling, and denied him access to grievance procedures. Because the district court's order did not dispose all of Pratt's claims, and because Pratt did not obtain Fed. R. Civ. P. 54(b) certification to appeal the district court's order, we dismiss the appeal for lack of jurisdiction.
 
 
 3
 * Background
 
 
 4
 On July 10, 1991, Pratt filed a 42 U.S.C. Sec. 1983 civil rights action, CIV 91-0391-TUC-WDB, alleging that while incarcerated in the Arizona State Prison Complex at Florence, Arizona, prison officials placed him in lockdown status and denied him adequate time, space, and equipment for outdoor exercise. Pratt sought declaratory and injunctive relief, and monetary damages. On the same day, Pratt filed another 42 U.S.C. Sec. 1983 civil rights action, CIV-91-0393-TUC-WDB, alleging that while incarcerated in the Arizona State Prison Complex at Tucson, Arizona, prison officials placed him in investigative lockdown and celled him with another inmate. Pratt alleged that the practice of double celling violated the Eighth Amendment. Pratt also alleged that the defendants denied him access to the prison grievance process to challenge the double celling. Pratt sought declaratory and injunctive relief, and monetary damages. On October 29, 1991, the district court found that Pratt's two actions involved common questions of law and fact and consolidated the cases.
 
 
 5
 On February 25, 1993, the defendants moved for summary judgment on Pratt's double celling and denial of exercise claims. On September 15, 1993, Pratt filed an opposition and cross-motion for summary judgment on these claims. In his opposition, Pratt conceded that the defendants were entitled to qualified immunity on his denial of exercise claim. On December 2, 1993, the district court denied both motions for summary judgment on the double celling claim and directed the parties to file supplemental briefing. On March 9, 1994, the district court granted summary judgment for the defendants on Pratt's double celling claim.
 
 II
 Analysis
 
 6
 A district court order dismissing some but not all of the claims is not a "final decision" appealable under 28 U.S.C. Sec. 1291. Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir. 1985); cf. McGuckin v. Smith, 974 F.2d 1050, 1053 n.1 (9th Cir. 1992) (stating that appellate jurisdiction would not exist until all defendants dismissed); Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir. 1984) (per curiam) (same). Nevertheless, upon an express determination that there is no just reason for delay and upon an express instruction for the entry of judgment, the district court may direct the entry of a final judgment as to one or more but fewer that all of the claims. Fed. R. Civ. P. 54(b); Frank Briscoe Co., 776 F.2d at 1416. Without a Rule 54(b) certification, orders dismissing some but not all of the defendants or claims are not final. Fed. R. Civ. P. 54(b); Frank Briscoe Co., 776 F.2d at 1416.
 
 
 7
 Here, Pratt conceded that the defendants were entitled to qualified immunity on his denial of exercise claim and the district court granted summary judgment for the defendants on Pratt's double celling claim. However, Pratt's claim that the defendants denied him access to the prison grievance process to challenge the double celling is still pending. We reject the appellees' contention that Pratt made no such claim or that the claim pertained to the denial of adequate exercise. In his complaint in CIV 91-0393-TUC-WDB, Pratt alleged that the defendants "denied plaintiff Equal Protection in the grievance process" and that the defendants "maliciously avoided letting plaintiff use the grievance procedure to get a decision on the merits regarding double-bunking in the lockdown unit."
 
 
 8
 In his opening and reply briefs filed in this court, Pratt sought a reversal on the basis that the district court prematurely entered summary judgment on his claim that the defendants denied him access to grievance procedures. We, however, conclude that the district court's order granting summary judgment for the defendants on Pratt's double celling claim is not a "final decision" under 28 U.S.C. Sec. 1291. See Frank Briscoe Co., 776 F.2d at 1416; cf. McGuckin, 974 F.2d 1053 n.1; Patchick, 743 F.2d at 677. Moreover, because the district court has not issued a Rule 54(b) certification, the order in not appealable. See Fed. R. Civ. P. 54(b); Frank Briscoe Co., 776 F.2d at 1416.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3