60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kenneth B. QUANSAH, Jr., Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, IBM Employment
Department, Sal Chavez, Stephen Redmond, Jay Humes
and Ron Wellwood, Defendants-Appellees.
 No. 94-16892.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINZKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth B. Quansah ("Quansah") appeals pro se the district court's order dismissing all but one of the causes of action set forth in his employment discrimination complaint brought against the IBM Corporation, the IBM Employment Department, and several individual IBM employees ("defendants"). Quansah alleges that defendants discriminated against him because of his race and national origin. We dismiss the appeal for lack of a final appealable order.
 
 
 3
 On September 28, 1994 the district court granted defendants' motion to dismiss as time-barred all of the causes of action in Quansah's complaint except his claim under Title VII, all defendants except IBM corporation, and to strike Quansah's request for damages in excess of the statutory maximum. On October 24, 1994 Quansah filed his notice of appeal from that order. On January 5, 1995 the district court filed an order dismissing the case for failure to prosecute. The January 5, 1995 order provided that the dismissal could be set aside if Quansah filed an application to have the dismissal set aside and paid defendants $1,000 toward the fees and costs they incurred as a result of Quansah's lack of diligence. Quansah did not file a notice of appeal from the January 5, 1995 order. It appears from the district court docket sheet that no subsequent order has been entered.
 
 
 4
 Because the September 28, 1994 did not dispose of Quansah's Title VII claim, it was not a "final decision" appealable under 29 U.S.C. Sec. 1291. See McGuckin v. Smith, 974 F.2d 1050, 1053 n. 1 (9th Cir.1992); Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985). We also conclude that the January 5, 1995 order was not a final appealable order because its dismissal of the case was conditional.
 
 
 5
 Accordingly, this appeal is dismissed for lack of a final appealable order. Quansah will have 30 days from the district court's entry of final judgment to file a notice of appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3