66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard M. FATHER, Plaintiff-Appellant,
v.
The BOEING COMPANY; Seattle Professional Engineering
Employees Association; Department of Social and
Health Services of the State of
Washington, Defendants-Appellees.
 No. 95-35029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Sept. 8, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard M. Father, a naturalized United States citizen born in Poland, appeals pro se the district court's grant of summary judgment for defendants on his claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-2000e-17 ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. Secs. 12111-12117 ("ADA"). We dismiss the appeal for lack of jurisdiction.
 
 
 3
 We have jurisdiction only over final orders of the district court. See 28 U.S.C. Sec. 1291. Without a Rule 54(b) certification, orders dismissing some but not all of the claims are not final orders appealable under 28 U.S.C. Sec. 1291. See Fed.R.Civ.P. 54(b); Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985). Here, the district court did not rule on Father's ADA claim against Boeing and then denied Father's motion for certification under Fed.R.Civ.P. 54(b). Accordingly, we lack jurisdiction to consider the appeal. See Frank Briscoe Co., 776 F.2d at 1416.
 
 DISMISSED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On remand, the district court should consider Father's pending motions for reconsideration filed pursuant to Fed.R.Civ.P. 60(b). See Fed.R.App.P. 4(a)(4); Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.) (per curiam), cert. denied, 488 U.S. 982 (1988); Davis v. United States, 667 F.2d 822, 824 (9th Cir.1982)