83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles MCCARTHY, Plaintiff-Appellant,
v.
STATE OF ARIZONA; University Physicians Inc.; University
Medical Center Corporation; Hugo Villar, Dr.; Richard
Mandell, Dr.; Arizona Center for Disability Law, aka Center
for Law; Charles Carbone; Jack Dillenberg, aka Jack
Dillenburg; Arthur Kinneberg, Defendants-Appellees.
 No. 95-15606.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles McCarthy appeals pro se the district court's dismissal for lack of prosecution in his 42 U.S.C. § 1983 action alleging that his civil rights were violated by the State of Arizona, its University Medical Center and various other defendants. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 The district court's March 13, 1995 order, which dismissed McCarthy's claims against one defendant and granted McCarthy thirty days in which to amend his complaint as to the remaining defendants, was not a "final decision" appealable under 28 U.S.C. § 1291. See Fed.R.Civ.P. 54(b); Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985); see also Zucker v. Maxicare Health Plans Inc., 14 F.3d 477, 481 (9th Cir.1994) ("[T]he contingent nature of [the] Judgment means that the district court must still take action; the district court has more to do than simply execute the Judgment."). Thus, this court has no jurisdiction to hear McCarthy's appeal from this order. See Frank Briscoe Co., 776 F.2d at 1416.[1]
 
 
 4
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' motion to strike appellant's opening brief is denied as moot