114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NOVA DESIGNS, INC., d/b/a Performance Diver, Plaintiff-Appellant,
v.
SCUBA RETAILERS ASSOCIATION; International Padi, Inc., and
Professional Association of Dive Instructors; Electronics
Instrumentation & Technology Incorporated, and EIT
Manufacturing; Press-Enterprise, Inc., and Underwater USA,
Inc.; Princeton Tectonics; Scuba Times; Beuchat USA,
Inc.; Harry Truitt; Sal Zammitti; James Estabrook;
Underwater USA, Inc.; Underwater Kinetics; Robert Holston,
Defendants-Appellees.
 Nos. 95-56716, 96-55312 and 96-55644.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1997.
Decided May 21, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges; WHALEY,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 We must decide whether summary judgment was proper in favor of antitrust defendants when the plaintiff presents little or no evidence that the defendants joined an illegal antitrust conspiracy. Since the parties are familiar with the facts, we will not recite them here.
 
 
 4
 * As a threshold matter, we examine sua sponte whether we have appellate jurisdiction over these appeals. In granting summary judgment in favor of defendants EIT, Beuchat, and Princeton Tectonics ("Princeton"), the district court issued a proper Rule 54(b) certification expressly determining that there is no just reason for delay and directing that judgment be entered. We therefore have appellate jurisdiction over the appeals from the judgments in favor of those defendants. See Frank Briscoe Co. v. Morrison-Knudson Co., 776 F.2d 1414, 1416 (9th Cir.1985). As to defendants Scuba Times and International PADI, however, the district court did not issue a Rule 54(b) certification. We have no appellate jurisdiction over the claims against those defendants, and hence we dismiss the appeals as to those defendants for lack of jurisdiction.
 
 II
 
 5
 With regard to the claims under § 1 of the Sherman Act, this case is indistinguishable from our decision in Jeanery, Inc. v. James Jeans, Inc., 849 F.2d 1148 (9th Cir.1988), which is controlling. Moreover, Nova Designs' (hereinafter "Performance") argument that this is a horizontal conspiracy, not a vertical conspiracy, is not persuasive; the Supreme Court rejected a near-identical argument in Business Elec. Corp. v. Sharp Elec. Corp., 485 U.S. 717 (1988).
 
 
 6
 Performance has failed to present evidence indicating that EIT, Beuchat, or Princeton joined a conspiracy, let alone entered an agreement on price or price levels. The evidence of the conduct of each of these defendants is at least as consistent with permissible competition as with illegal conspiracy. Receiving complaints about Performance is not enough to support an inference of conspiracy, even if the termination of business relations with Performance was in response to those complaints. Monsanto, 465 U.S. at 763-64; Jeanery, 849 F.2d at 1156.
 
 
 7
 Princeton's telephone calls to other dive light manufacturers likewise does not support an inference of conspiracy; Princeton's conduct is as consistent with a legitimate business purpose as with an illegal conspiracy. See Ralph C. Wilson Indus. v. Chronicle Broadcasting Co., 749 F.2d 1359, 1366 (9th Cir.1986).
 
 III
 
 8
 Performance's remaining claims under § 2 of the Sherman Act, under California's Cartwright Act, and for tortious interference with business relations and unfair competition, have no merit. Summary judgment on these claims was proper.
 
 
 9
 The appeal in case number 96-55644 is DISMISSED for lack of jurisdiction.
 
 
 10
 The appeal in case number 96-55312 from the judgment in favor of Scuba Times is likewise DISMISSED for lack of jurisdiction. The judgment in favor of Princeton Tectonics is AFFIRMED.
 
 
 11
 In case number 95-56716, the judgments in favor of both EIT and Beuchat are AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3