116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricardo H. ROBINSON, Plaintiff-Appellant,
v.
Robert G. BORG; T. Rosario; Mr. Brown; R.H. Boyd; N.L.
Piptone, Defendants-Appellees.
 No. 96-15173.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997.**
Decided June 5, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-88-00070-GEB (JFM); Garland E. Burrell, District Judge, Presiding.
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricardo H. Robinson appeals pro se from the judgment in favor of defendants following a jury trial in Robinson's action pursuant to 42 U.S.C. § 1983. We conclude that we lack jurisdiction to hear this appeal.
 
 
 3
 We have jurisdiction only over final orders of the district court. See 28 U.S.C. § 1291. Without a Fed.R.Civ.P. 54(b) certification, orders dismissing some but not all of the claims are not final appealable orders. See Fed.R.Civ.P. 54(b); Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414, 1416 (9th Cir.1985).
 
 
 4
 In both his first amended complaint and his pre-trial statement, Robinson claimed that defendants violated his due process rights under the Fourteenth Amendment by terminating him from his prison job without proper procedure. In a trial confirmation hearing held June 2, 1995, the district court stated that it might eliminate this claim before trial under the authority of Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985), but expressly took the matter under submission. See Reporter's transcript of trial confirmation hearing of June 2, 1995, at p. 26. However, the record does not show that the district court ordered that this claim be dismissed.[1] Nor was Robinson permitted to present this claim to the jury. Therefore, this claim was never ruled on. Accordingly, we lack jurisdiction to consider the appeal. See Frank Briscoe Co., 776 F.2d at 1416.
 
 
 5
 DISMISSED for lack of final judgment.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that "[W]here the district court grants summary judgment in the absence of a formal motion, we review the record closely to ensure that the party against whom the judgment was entered had a full and fair opportunity to develop and present facts and legal arguments in support of its position." Portsmouth Square, Inc., 770 F.2d at 869. Moreover, a litigant is entitled to reasonable notice that the sufficiency of his or her claim will be in issue. See id. It is apparent from the transcript of the June 2, 1995 hearing that Robinson had no such notice