FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAD BARRY BARNES, | No. 18-17154 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:13-cv-00002-ACK-RLP |
| SEA HAWAII RAFTING, LLC; et al., | |
| Defendants-Appellees. | MEMORANDUM* |

| | |
|---|---|
| CHAD BARRY BARNES, | No. 19-15646 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:13-cv-00002-ACK-RLP |
| SEA HAWAII RAFTING, LLC; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| CHAD BARRY BARNES, | No. 19-16484 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:13-cv-00002-ACK-WRP |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ALOHA OCEAN EXCURSIONS LLC,

Defendant-Appellee,

and

SEA HAWAII RAFTING, LLC; et al.,

Defendants.

CHAD BARRY BARNES,                        No.    19-16910

Plaintiff-Appellee,                       D.C. No.
                                          1:13-cv-00002-ACK-WRP
v.

ALOHA OCEAN EXCURSIONS LLC,

Defendant-Appellant,

and

SEA HAWAII RAFTING, LLC; et al.,

Defendants.

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

CHAD BARRY BARNES,                        No.    19-17613

Appellant,                                D.C. No.
                                          1:16-cv-00588-JAO-WRP

2

v.

KRISTIN KIMO HENRY; NIMA
GHAZVINI, Trustee,[1]

Appellees.

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

| CHAD BARRY BARNES, | No.   19-17614 |
| --- | --- |
| Appellant, | D.C. Nos.<br>1:19-cv-00212-DKW-RT |
| v. | 1:19-cv-00213-DKW-RT<br>1:19-cv-00215-DKW-RT |
| KRISTIN KIMO HENRY; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 2, 2021
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

---

[1] The pending motions to substitute party/notices of substitution of party will be addressed in a separate order.

3

Chad Barnes, a seaman, was injured when there was an explosion on the vessel on which he was working. He brought various claims in admiralty against Sea Hawaii Rafting, LLC ("SHR") (his employer and the vessel owner), individual Kristin Henry (SHR's sole member and owner), and the Tehani (the vessel in rem). SHR and Henry declared bankruptcy. The district court and bankruptcy court proceedings progressed concurrently.

These consolidated interlocutory appeals arise from a bench trial in Barnes's favor, the denial of various motions relating to Barnes's attempts to recover awards from that trial, the district court's vacatur of a bankruptcy court order, and the district court's affirmance of a bankruptcy court discharge. Henry's new company, Aloha Ocean Excursions, LLC ("AOE"), cross-appeals one order.

Although we are sympathetic to Barnes's recovery efforts, we cannot provide him the relief he seeks. We affirm in part and dismiss in part for lack of jurisdiction.

**18-17154:**

We have jurisdiction over Barnes's appeal of the maintenance and cure bench trial. The trial determined the "rights and liabilities" of the parties: the district court determined the extent of liability against SHR and the Tehani in favor

4

of Barnes on his maintenance and cure claims.[2] 28 U.S.C. § 1292(a)(3); *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 528 (9th Cir. 2018) (stating that exercise of jurisdiction under § 1292(a)(3) is only appropriate when the order below is "substantive in nature" and involves the "merits" of the claims, as opposed to orders that make "adjective, tactical, or procedural" determinations).

We do not have jurisdiction over the issues raised that fall outside of the scope of the district court's maintenance and cure decision.[3] *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50 (1995) (holding that the scope of interlocutory jurisdiction is generally limited to the "precise decision independently subject to appeal").

At oral argument, Barnes expressly abandoned his argument that the district court's maintenance and cure decision against SHR and the Tehani should be

---

[2] We do not have jurisdiction under 28 U.S.C. § 1291 because, although the district court entered a partial amended judgment under Federal Rules of Civil Procedure 54(b) and 59(e), the district court did not certify that judgment for immediate appeal. *See Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (holding that a district court's express determination that there was no just reason for delay is a jurisdictional requirement under Rule 54(b)).

[3] Specifically, we do not have jurisdiction over the issues of whether: (1) the district court erred in refusing to arrest the Tehani before the judgment; (2) the district court erred by not allowing Barnes to pursue a "piercing the corporate veil" theory at trial; and (3) the bankruptcy court unconstitutionally interfered in Barnes's admiralty trial on maintenance and cure.

vacated. He argues that we should additionally impose liability against Henry. This we cannot do. As the district court recognized, Henry was not a defendant in the maintenance and cure trial. Because Henry was not a defendant at that trial, the district court did not determine his liability. Thus, that issue is not among the matters "determin[ed]" by the district court over which we may assert jurisdiction under § 1292(a)(3).

The district court did not abuse its discretion, *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999), in prohibiting two of Barnes's witnesses from testifying as expert witnesses at the maintenance and cure trial. Barnes conceded that he did not timely disclose those witnesses and he did not substantially justify that untimeliness. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (holding that, when a party fails to make disclosures required by Federal Rule of Civil Procedure 26(a), the party is disallowed from using the witness to supply evidence unless it establishes that the failure was substantially justified or was harmless).

Barnes also raises a handful of arguments related to how the district court erred in calculating his maintenance and cure award. None of them are persuasive. To the extent that Barnes contends that he was prejudiced by his refusal to enter

6

into a proposed stipulation concerning maintenance and cure, he has failed to demonstrate any such prejudice on appeal.

**19-15646:**

We have jurisdiction over the issue of whether the commercial use permit was an appurtenance of the Tehani. Like the issue of whether Barnes could assert in rem claims against the Tehani, that subsidiary question is sufficiently "substantive in nature" because it involves Barnes's potential "right" to the permit in the in rem proceedings. *See Barnes*, 889 F.3d at 528.

We do not have jurisdiction to consider the district court's denial of Barnes's request to be appointed substitute custodian of the Tehani. That was an "adjective, tactical, [and] procedural" determination. *See id.* We do not have jurisdiction over the issues raised that fall outside of the scope of the district court's order regarding the commercial use permit and appointment of substitute custodian.[4] *See Swint*, 514 U.S. at 50.

Reviewing de novo, *see Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000), we hold that the commercial use permit was not an appurtenance

---

[4] Specifically, we do not have jurisdiction over the issues of whether: (1) the district court was mistaken in requiring Barnes to prepay the marshal's arrest costs; (2) the conflict between 28 U.S.C. § 1916 and 28 U.S.C. § 1921 is a violation of Barnes's due process rights and inconsistent with the law of maintenance and cure; (3) the district court erred in providing Barnes with $10,000 for maintenance and

7

of the Tehani. It is undisputed that the permit was issued to SHR as a corporation and cannot be automatically transferred with the Tehani. *See* Haw. Code R. § 13-231-62(b)(2)(B) ("A commercial use permit . . . shall automatically expire . . . [i]f the vessel or vessels operated under the commercial use permit . . . are sold or otherwise transferred . . . ."). That is determinative here because, to qualify as an appurtenance, the permit would have to be transferable with the Tehani.

**19-16484/19-16910:**

We have jurisdiction under 28 U.S.C. § 1292(a)(1) to consider the district court's refusal to stay the disbursal of the funds. That order had the practical effect of denying an injunction to stay disbursal of funds. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988) (holding that § 1292(a)(1) provides appellate jurisdiction over orders that have the practical effect of denying an injunction). We have jurisdiction over the district court's denial of Barnes's motion to dismiss AOE's claim to the funds from the sale of the Tehani. That decision is "inextricably intertwined" with the decision to not stay

___

then directing Barnes to use his maintenance payment to pay for the marshal's costs related to the arrest; and (4) the district court has jurisdiction over the contract for the sale of the Tehani by the chapter 7 trustee to AOE and Henry.

disbursal of the funds. *See Puente Arizona v. Arpaio*, 821 F.3d 1098, 1109 (9th Cir. 2016).

Reviewing de novo, *Ventura Packers, Inc. v. F/V Jeanine Kathleen,* 305 F.3d 913, 916 (9th Cir. 2002), we hold that the district court had jurisdiction over the funds and did not err in denying Barnes's motion to dismiss. The district court has subject matter jurisdiction over the lawsuit generally because Barnes's claims do not arise from the sale of a vessel or a contract but rather from various other admiralty claims, including unseaworthiness, various theories of negligence, and intentional infliction of emotional distress. The district court has exclusive in rem jurisdiction over the Tehani, and the bankruptcy court has no jurisdiction over it. *See Barnes*, 889 F.3d at 533. Any proceeds the bankruptcy court received when it improperly retained jurisdiction over the Tehani should have, and would have, properly fallen within the district court's jurisdiction. *See Barnes*, 889 F.3d at 524 (district court never lost its in rem jurisdiction, despite bankruptcy court's actions); *cf. Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 860–61 (9th Cir. 2005) (in rem jurisdiction remained even though res was erroneously released); *see also* Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(3)(c), E(9)(b).

The district court did not abuse its discretion in its calculation of the amount of funds it chose to disburse based on a determination of a lease amount that was

9

the same as the bankruptcy court. *See Teutscher v. Woodson*, 835 F.3d 936, 942 (9th Cir. 2016) (district court's award of equitable relief is reviewed for abuse of discretion). Barnes had ample opportunity to, and did indeed, argue to the district court what amount should be disbursed to him. Because the district court independently concluded that a rent of $500 per month was reasonable, Barnes was not deprived of any right to have this issue decided by an Article III tribunal.

We have jurisdiction over AOE's cross-appeal regarding the district court's direction to transfer the permit. That order had the practical effect of directing injunctive relief. *See Abbott v. Perez*, 138 S. Ct. 2305, 2319 (2018) (stating that § 1292(a)(1) provides appellate jurisdiction over orders that have the "practical effect" of granting injunctive relief). However, the issue is moot. AOE did not comply with the district court's directive, and the district court is no longer seeking to enforce its directive. Therefore, there is no harm to remedy. *See Earth Island Inst. v. United States Forest Serv.*, 442 F.3d 1147, 1157 (9th Cir. 2006) (internal quotations omitted), *abrogated on other grounds by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). To the extent AOE challenges the subsequent imposition of sanctions for its non-compliance with the district court's order, the sanctions orders are outside the scope of the order appealed. *See Swint*, 514 U.S. at 50.

We deny AOE's offhand request that Barnes's appeals be deemed frivolous. *See In re George*, 322 F.3d 586, 591–92 (9th Cir. 2003).

**19-17613:**

We lack jurisdiction over the district court's order vacating the bankruptcy court's approval of the sale of the Tehani. The district court's order is not a final decision within the meaning of 28 U.S.C. § 158(d)(1). *Cf. Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1158 (9th Cir. 2017) (holding that a district court's order vacating a bankruptcy court order and remanding "[is] rarely [a] final appealable order[]").

**19-17614:**

We have jurisdiction to consider Henry's discharge because it was a final judgment of a bankruptcy court. *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008), *aff'd*, 559 U.S. 260 (2010). We have jurisdiction to review the denial of the motion to stay discharge and lift protective order because a final judgment confers jurisdiction over "all earlier, non-final orders and rulings which produced the judgment." *Litchfield v. Spielberg*, 736 F.2d 1352, 1355 (9th Cir. 1984).

The bankruptcy court did not err in declining to lift the protective order because the protective order only prevented Barnes from using the bankruptcy

court proceedings to obtain discovery relevant to his district court case. Barnes was free to, and did, request discovery in the district court. Indeed, the district court has since allowed Barnes to conduct discovery on the exact issues he sought in the bankruptcy court.

Reviewing the bankruptcy court's legal conclusions de novo and its factual findings for clear error, *In re Gilman*, 887 F.3d 956, 963 (9th Cir. 2018), we hold that Henry's discharge was proper.[5] The sections of the bankruptcy code that Barnes relies on in arguing to the contrary only allow for a bankruptcy court to *revoke* a discharge, *see* 11 U.S.C. § 1328(e), or detail types of debts that are not dischargeable, *see* 11 U.S.C. § 523(a)(9); 11 U.S.C. § 1328(a)(4) — they do not require a bankruptcy court to deny discharge if a debtor has debts that fall under them. Barnes waived or forfeited his other arguments because they are undeveloped or were not first raised to the bankruptcy court. *See In re Cybernetic Servs., Inc.*, 252 F.3d 1039, 1045 n.3 (9th Cir. 2001). His further arguments are not relevant to the bankruptcy court's discharge of Henry or speak to how the bankruptcy court erred in discharging Henry.

---

[5] We do not decide and express no opinion on the scope of the debts that Henry had discharged. We do note, however, that Henry concedes that any post-petition conduct, including fraudulent conduct, is exempt from the discharge.

Costs to be taxed against Barnes.

**AFFIRMED IN PART AND DISMISSED IN PART.**